## ASHLAND COCA-COLA BOTTLING CO. v. BYRNE.

Court of Appeals of Kentucky.

May 22, 1953.

Dysard & Dysard, Ashland, for appellant.

Oscar Sammons, Greenup, for appellee.

CULLEN, Commissioner.

Willie Byrne recovered judgment against the Ashland Coca-Cola Bottling Company in the amount of $1,000, for personal injuries alleged to have been sustained as a result of drinking from a bottle of Coca-Cola in which there were portions of the body of a mouse. On appeal, the company contends that the integrity of the bottle was not sufficiently established to warrant application of the doctrine of res ipsa loquitur, and there being no positive proof of the company's negligence, a directed verdict should have been given for the company.

The bottle of Coca-Cola was purchased by Byrne in a small grocery store in Greenup, and was opened and consumed on the premises, in the presence of a clerk. The bottle had been in a lift-top cooler in the back of the main storeroom, and Byrne had selected the bottle himself by going to the cooler and removing it. It appears from the evidence that it was a common practice for customers to serve themselves in this way.

It is conceded that the storekeeper purchased all of his Coca-Cola supply from the defendant company, and the evidence was

that the supply was replenished weekly. There was no evidence as to the time the bottle in question was delivered to the store, but the inference is that it had been in the store less than a week.

When Coca-Colas were delivered to the store, they were stacked in cases in a back corner of the main storeroom. Some eight or ten other brands of soft drinks were purchased by the storekeeper, from different companies, and when they were delivered the truck drivers would stack the cases in the same corner where the Coca-Cola cases were.

The store was operated by a manager and one clerk. At times only one of the two would be in the store. While both testified that they never saw anyone tamper with the Coca-Cola bottles, they admit that it was the practice for customers to serve themselves to soft drinks. The clerk testified that it was possible for people to walk back where the soft drink cases were stacked. The manager said there were occasions on which a customer would go back and get a soft drink when he was waiting on another customer in the front of the store.

The facts in this case, concerning integrity of the bottle, cannot be distinguished from those in East Kentucky Beverage Co. v. Stumbo, 313 Ky. 66, 230 S.W.2d 106. In that case, indicating our approval of the reasoning employed in Coca-Cola Bottling Works v. Sullivan, 178 Tenn. 405, 158 S. W.2d 721, 171 A.L.R. 1200, we held that in the case of bottled drinks with easily removable caps, the doctrine of res ipsa loquitur will not be applied to create a presumption of negligence on the part of the bottler, unless there is proof showing that there has been no reasonable opportunity to tamper with the bottle or its contents in the interim between the physical control of the bottler and that of the consumer.

It must be remembered that the doctrine of res ipsa loquitur is based on the principle that in the ordinary course of things an injury would not have occurred in the absence of negligence of the person having management or control of the agency which caused the injury. Quillen v. Skaggs, 233 Ky. 171, 25 S.W.2d 33. Human experience has forced us to the conclusion that the presence of foreign objects in bottled soft drinks may in the ordinary course of things be the result of a prank or a deliberate wrongful act equally as well as being the result of negligence on the part of the bottler. Therefore we are unwilling to apply the presumption of negligence in this kind of case in the absence of proof of lack of opportunity for pranks or tampering.

The judgment is reversed, with directions that if upon another trial the evidence concerning integrity of the bottle is the same, a verdict shall be directed for the defendant.

DUNCAN and MILLIKEN, JJ., dissenting.

DUNCAN, Justice (dissenting).

I am not in accord with the majority opinion of the Court. I am not convinced that the placing of foreign objects in bottled soft drinks, by pranksters or evildoers, is a matter of such common occurrence as to justify the conclusion that the possibility of that happening must be disproved before the presumption of negligence of the bottler may be applied.

It is my opinion that the better rule is followed in the substantial line of authorities which apply the doctrine of res ipsa loquitur without qualification. See Patargias v. Coca-Cola Bottling Co. of Chicago, 332 Ill.App. 117, 74 N.E.2d 162; Mayerhefer v. Louisiana Coca-Cola Bottling Co., La.App., 45 So.2d 442; Norman v. Jefferson City Coca-Cola Bottling Co., Mo.App., 211 S.W.2d 552; Beaumont Coca Cola Bottling Co. v. Guillot, Tex.Civ.App., 222 S.W.2d 141; Norfolk Coca-Cola Bottling Works v. Land, 189 Va. 35, 52 S.E.2d 85.

I am authorized to state that Judge MILLIKEN joins me in this dissent.