**COCA COLA BOTTLING WORKS OF LEXINGTON, Kentucky, a corporation, Appellant,**

**v.**

**Annie BINGHAM, Appellee.**

Court of Appeals of Kentucky.

Jan. 28, 1955.

Rehearing Denied April 29, 1955.

J. M. Wolfinbarger, Irvine, Stoll, Keenon & Park and Charles Landrum, Jr., Lexington, for appellant.

Shumate & Shumate, Irvine, for appellee.

CULLEN, Commissioner.

Mrs. Annie Bingham recovered judgment upon a jury verdict, against the Coca Cola Bottling Works of Lexington, in the amount of $2,500, as damages for personal injuries alleged to have resulted from swallowing a small piece of wood, about the size of a match or toothpick, that was in a bottle of Coca Cola. The Coca Cola Bottling Works has appealed, contending that it was entitled to a directed verdict on two grounds. One of the grounds, which we have concluded is meritorious, is that the plaintiff did not establish the integrity of the bottle sufficiently to warrant application of the doctrine of res ipsa loquitur. East Kentucky Beverage Co. v. Stumbo, 313 Ky. 66, 230 S.W.2d 106; Paducah Coca-Cola Bottling Co. v. Reynolds, Ky., 258 S.W.2d 474; Ashland Coca-Cola Bottling Co. v. Byrne, Ky., 258 S.W.2d 475; Glasgow Coca-Cola Bottling Works v. Wilson, Ky., 264 S.W.2d 872.

Mrs. Bingham was employed at the Carhartt Overall Company in Irvine. She purchased the Coca Cola in a restaurant operated for the benefit of the employes in the basement of the factory. The Coca Cola was removed from a refrigerator by an employe in the kitchen of the restaurant, who opened it and handed it to her across the counter.

The restaurant consisted of a public room, containing chairs and tables, and a kitchen separated from the public room by a serving counter. The only doorway to the kitchen was on the outside of the building, and there was no access between the public room and the kitchen except over the counter. There was an outside doorway in the public room, also a stairway leading to the main room of the factory on the first floor. Toilets for the use of the employes of the factory were in the basement, adjoining the public room of the restaurant.

The regular working hours of the factory were from 7:00 a. m. to 3:30 p. m. The restaurant hours of operation were the same, but occasionally the restaurant employes left at 2:30 or 3:00 p. m. Usually there were two employes operating the restaurant, but on the day here in question, and for a few days before that, there was only one employe working. He testified that he sometimes left the restaurant unat-

tended for two or three minutes while going to the toilet.

From time to time, cases of Coca Cola, and other soft drinks, were stacked in the public room of the restaurant, near the counter. There was some effort to show that this did not happen often during the winter months, but one of the night watchmen in the factory, testifying for the plaintiff, said that "usually" the cases were stacked in the public room and "sometimes" they were stacked in the kitchen.

Although the working hours of the factory began at 7:00 a. m., the evidence of the night watchmen was that often some workers would arrive as early at 6:00 a. m., and they would be admitted to the factory through the door leading from the outside of the building into the public room of the restaurant.

Some 250 people were employed in the factory.

The evidence indicated that the Coca Cola which Mrs. Bingham was served probably had been delivered to the restaurant eight days before.

As relates to the question of reasonable opportunity for some one to tamper with the Coca Cola, we think the following facts, among those hereinbefore related, are particularly significant: (1) Cases of Coca Cola were stacked in the public room of the restaurant, where any employe of the factory could have access to them; (2) Workers were admitted to the restaurant area, in the morning, as much as one hour before the restaurant employes arrived; (3) the restaurant workers sometimes left at 2:30 or 3:00 p. m., before the regular factory employes left the building; (4) the restaurant occasionally was left unattended for several minutes at a time during the day; (5) the particular Coca Cola in question probably had been in the restaurant, subject to tampering, for eight days.

 In view of these facts, we think the plaintiff failed to sustain the burden of showing that there was no reasonable opportunity for tampering, and therefore a verdict should have been directed for the defendant. East Kentucky Beverage Co. v. Stumbo, 313 Ky. 66, 230 S.W.2d 106; Paducah Coca-Cola Bottling Co. v. Reynolds, Ky., 258 S.W.2d 474; Ashland Coca-Cola Bottling Co. v. Byrne, Ky., 258 S.W.2d 475; Glasgow Coca-Cola Bottling Works v. Wilson, Ky., 264 S.W.2d 872.

The defendant moved for a directed verdict at the close of the plaintiff's evidence, and again at the close of all the evidence. Following the verdict, the defendant moved for judgment notwithstanding the verdict, and in the alternative for a new trial. All these motions were overruled. Under the Rules of Civil Procedure, particularly Rules 50.02 and 50.03, this Court has the authority, in these circumstances, to direct the lower court to enter judgment notwithstanding the verdict rather than directing that a new trial be granted. See Clay, CR 50.02, Comment 5, CR 50.03, Comment 2. We see no reason for granting a new trial in the case before us.

The judgment is reversed, with directions that it be set aside and that judgment be entered for the defendant.