DAVIS RED ROCK BOTTLING COMPANY, Inc., Appellant,

v.

Angeline ALSIP, Appellee.

Court of Appeals of Kentucky.

Feb. 24, 1956.

Brown & Bird, Murray L. Brown, Robert B. Bird, London, for appellant.

Glen H. Stephens, Pleas Jones, Williamsburg, for appellee.

CLAY, Commissioner.

This is a motion for appeal from a $600 judgment awarded plaintiff appellee for injuries sustained as the result of drinking a bottle of defendant's product which contained a thin strip of rolled metal.

It is contended by defendant that plaintiff failed to show any negligence on its part as the cause of the injury.

Plaintiff bought a bottle of defendant's soft drink at a small country store in Whitley County and drank it at the store. After having consumed the major portion of it, she discovered the piece of metal.

The testimony of the owner and manager of the store revealed that his soft drinks were stored in the back of the building and that this storeroom was separated from the front or main storeroom by a partition. He stated that many people (wholesale suppliers and customers) had access to this back room, and that he was not necessarily present when these other people were there. There were two doors into the storeroom; one leading from the main room, and one leading from the outside. There was no direct showing of just how long the bottle from which appellee drank remained in the storeroom, but it was brought out that the storekeeper's soft drink supply was replenished weekly.

■ In view of this uncontradicted evidence the doctrine of res ipsa loquitur does not apply. East Kentucky Beverage Co. v. Stumbo, 313 Ky. 66, 230 S.W.2d 106; Ashland Coca-Cola Bottling Co. v. Byrne, Ky., 258 S.W.2d 475; Glasgow Coca-Cola Bottling Works, Inc., v. Wilson, Ky., 264 S.W.2d 872.

As was said in the Ashland Coca-Cola case [258 S.W.2d 476], just cited:

"It must be remembered that the doctrine of res ipsa loquitur is based on the principle that in the ordinary course of things an injury would not have occurred in the absence of negligence of the person having management or control of the agency which caused the injury. * * * Human experience has forced us to the conclusion that the presence of foreign objects in bottled soft drinks may in the ordinary course of things be the result of a prank or a deliberate wrongful act equally as well as being the result of negligence on the part of the bottler. Therefore we are unwilling to apply the presumption of negligence in this kind of case in the absence of proof of lack of opportunity for pranks or tampering."

Plaintiff insists, however, that she proved actual negligence. This proof related to defendant's method of inspecting bottles. What was shown was that all bottles, after being washed, passed in front of a strong light at the rate of 48 per minute, at which time an inspector checked them to see if any foreign matter had survived the washing process. Plaintiff contends that there should have been two inspections. However, she introduced no evidence to show that such was the usual procedure in bottling plants, or that two inspections were necessary to guard adequately against foreign matter in the bottles. It is very doubtful that any negligence was shown.

■ Even if we concede defendant was negligent in its inspection methods, plaintiff still failed to establish her claim. In a case of this nature, where outsiders have had an opportunity to tamper with the bottle, it is pure speculation as to whether the strip of metal came to be in this bottle because of defendant's negligence or because of the acts of third parties. No causal connection was made out between the claimed negligent manner of inspection and the condition causing the injury.

We are of the opinion that a verdict should have been directed for defendant, and since defendant moved for judgment notwithstanding the verdict, that motion should have been sustained.

The motion for appeal is sustained and the judgment is reversed, with directions to enter judgment for the defendant.