**ROYAL CROWN BOTTLING COMPANY, Inc., Appellant,**

v.

**Edith SMITH, Appellee.**

Court of Appeals of Kentucky.

June 14, 1957.

J. W. Craft, Jr., Craft & Stanfill, Hazard, for appellant.

Isaac Turner, Hyden, for appellee.

MOREMEN, Judge.

This is a motion for appeal from a judgment which awarded appellee, Edith Smith, the sum of $600 for injuries sustained as a result of drinking a bottled beverage, manufactured by appellant, Royal Crown Bottling Company, Inc., which contained a dead mouse.

On April 21, 1956, around noon, appellee entered a store in Leslie County owned and operated by Riley Pace and his wife. The store was one rectangular room about 30 x 60 feet in size. Appellee entered the door at the front, went to the refrigerator, which was situated to the right of the door, opened it, obtained the bottle, bought some cakes and then started to drink the contents of the bottle. She immediately became nauseated and this condition continued for some time.

It was testified that it was common practice for patrons of the store to open the refrigerator and wait on themselves. The store owner testified that the last shipment which he had received from appellant was on March 29, 1956. He stated that he stacked the bottles along the side of the refrigerator. He and other witnesses testified that either Pace, his wife, or his son, was in the store at all times and would have noticed it if anyone had tampered with the bottles. Appellant offered no evidence in its behalf and the case was submitted to the jury with the result we have noted above.

The latest expression of this court on these matters may be found in Davis Red Rock Bottling Co., Inc., v. Alsip, Ky., 287 S.W.2d 594, wherein we reaffirmed the position that the doctrine of res ipsa loquitur does not apply in cases of this nature. In view of our unwillingness to apply the presumption of negligence in cases of this kind, it is incumbent upon the plaintiff in such an action to prove actual negligence on the part of the bottling company. This, appellee failed to do. It was pointed out in the above case that in situations of this nature where outsiders have had an opportunity to tamper with the bottles, it is pure speculation as to whether the contamination came to the bottle because of negligence on the part of the bottling company or because of the acts of third parties. We are committed to this rule and are of opinion that the facts in this case disclose ample opportunities for surreptitious tampering with the bottles either when they were stored beside the refrigerator or in the refrigerator to which everyone had access.

The record discloses that no motion for a judgment notwithstanding the verdict was made and we are powerless to

direct that a judgment be entered for appellant. Upon a retrial of this case—the evidence being substantially the same—a directed verdict should be given.

The motion for appeal is sustained and the judgment is reversed for proceedings consistent with this opinion.