ROBERT HONEA, BY NEXT FRIEND, V. COCA COLA BOTTLING COMPANY.

No. A-296. Decided November 29, 1944.
Rehearing overruled December 30, 1944.
(183 S, W., 2d Series, 968.)

*White & Yarborough,* and *W. E. Johnson,* all of Dallas, for petitioner.

It was error for the Court of Civil Appeals to hold that the trial court did not err in instructing a verdict against the petitioner on the ground that he was injured while moving a case of coca cola bottles by holding the bottles instead of the handles of the case, and also in holding that the trial court properly excluded such evidence as to how the respondent had instructed petitioner, because such evidence was material to show negligence on the part of the respondent and the freedom of negligence on the part of petitioner. Benkendorfer v. Garrett, 143 S. W. (2d) 1020; Stolle v. Anheuser-Busch, 307 Mo. 520, 271 S. W. 497; Tayer v. York Ice Machinery Corp., 119 S. W. (2d) 240.

*Robertson, Leachman, Payne, Gardere & Lancaster* and *Henry D. Akin,* all of Dallas, for respondent.

The doctrine of res ipsa loquitur had no application where petitioner was admittedly improperly handling the bottle which broke by using it as a pry to lift a whole case of coca cola weigh-

ing approximately 40 pounds, and the Court of Civil Appeals correctly held that the trial court correctly excluded the evidence that some driver of a coca cola truck had instructed petitioner to lift the bottles in that manner, instead of by handles of the case. Jax Beer Co. v. Schaeffer, 173 S. W. (2d) 285; Alagood v. Coca Cola Bottling Co., 135 S. W. (2d) 1056; 30 Tex. Jur. 803.

MR. JUDGE BREWSTER, of the Commission of Appeals delivered the opinion for the Court.

This is a suit for damages for personal injuries brought by Robert Honea, petitioner, against Coca Cola Bottling Company, respondent. Or an instructed verdict the trial court entered judgment for respondent, which was affirmed by the Court of Civil Appeals. 182 S. W. (2d) 512.

On July 28, 1942, respondent delivered some cases of Coca Cola to the grocery of one Fronk. Each case contained 24 bottles, in four rows of six bottles each, weighed approximately 40 pounds and was equipped with handles, one on each end.

Some five or ten minutes after this delivery, petitioner, a boy 15 years old, who was working for Fronk, had to move two of these cases from the top of a stack to get at a case of another drink underneath. Instead of grasping the case by the handles, he took in one hand the two inside bottles at one end of the case and in the other hand the two inside bottles at the other end, squeezed the tops together with one finger between the tops, and thus lifted and held the case. As he was lifting the first case to place it on a nearby sugar sack and while "the complete case was in mid air and touching nothing besides my hand," one of the bottles in his right hand exploded, severely cutting and injuring his right wrist. He testified that he had handled Coca Cola cases in that manner many times before, beginning a few days after he started working for Fronk.

Petitioner alleged several specific acts of negligence on the part of respondent in manufacturing charging and filling the exploded bottle, grounded, in the main, on a theory that the bottle was so overcharged with carbonic gas as to render it highly explosive. He also alleged that he could not more specifically allege the negligent acts of respondent because the same were "peculiarly within its knowledge," therefore he gave it notice "to produce upon the trial of this cause all facts and date (sic) with reference to the bottling, sale and distribution of said beverage." Then he alleged that he would not be confined to the specific acts of negligence charged but would rely *"on the general*

*allegations of explosion* and *defectiveness and the overcharging of said bottle* of coca-cola with carbonic gas or other substance which is and was highly explosive." (Italics ours.)

Respondent entered a general denial and pleaded specially that petitioner was negligent in several particulars in handling the case, which proximately caused and contributed to cause, and which were the sole proximate cause of, his injuries.

The substance of the testimony admitted in behalf of petitioner, relevant to this appeal, has been stated above. Respondent offered no testimony.

The trial court excluded testimony offered by petitioner (1) that employees of respondent, in making deliveries of Coca Cola to Fronk's store, often handled the cases in the same way that he was handling the case at the time of the explosion, and (2) that he had been told by respondent's employees that that was the proper way to handle them.

Apparently the trial court recognized that petitioner was relying on the doctrine of res ipsa loquitur to make a case of negligence against respondent, but concluded that the testimony showed that he had improperly handled the case after it left respondent's hands; hence that he had failed to prove a cause of action.

Res ipsa loquitur is a rule of evidence whereby negligence of the alleged wrongdoer may be inferred from the mere fact that the accident happened, provided (1) the character of the accident and the circumstances attending it lead reasonably to the belief that, in the absence of negligence, it would not have occurred, and (2) the thing which caused the injury is shown to have been under the management and control of the alleged wrongdoer. Washington v. Missouri K. & T. Ry. Co., 90 Texas, 314, 38 S. W. 764; Texas & P. Coal Co. v. Kowsikowski, 103 Texas, 173, 125 S. W. 3; Wichita Falls Traction Co. v. Elliott, 125 Texas, 248, 81 S. W. (2d) 659.

Although denied in some jurisdictions, the rule has been applied in others to cases wherein the cause of injury was an exploding bottle of carbonated beverage. This rise and spread of this application of the rule may be seen in a study of the annotations appearing in 4 A. L. R., p. 1094, 8 A. L. R., p. 500, 39 A. L. R., p. 1006, and 56 A. L. R., p. 593. A late case, which lists and discusses the authorities supporting each view, is

Escola v. Coca Cola Bottling Co., 24 Calif. (2d) 453, 150 Pac., (2d) 436, a decision by the Supreme Court of California. That case approves an extension of the rule to permit its application to an explosion occurring *after* the bottle has left the hands of the person sought to be held, provided the testimony shows that the bottle (1) was in no way "accessible to extraneous harmful forces"; and (2) "was carefully handled by plaintiff or any third person who may have moved or touched it." A pioneer case applying the rule to an explosion of the bottle after it left the defendant's hands is Payne v. Rome Coca Cola Bottling Co., 10 Ga. App., 762, 73 S. E., 1087. In that case a bottle of Coca Cola, manufactured and sold by the defendant, exploded, destroying the plaintiff's eye. Although the plaintiff alleged that the explosion was due to the fact that the bottle had been too highly charged with carbonic acid gas by the defendant there was no direct evidence as to how the bottle was charged or as to the quantity of gas used. The testimony showed that the bottle had been bought by the plaintiff's brother from one Cook, a retailer, who had bought it from one Barnett, who, in turn, had bought it from the defendant. It was further shown that neither the victim nor his brother did anything to cause the explosion and that neither the bottle nor its contents had been changed in any way since it had been sold to Barnett. The defendant urged that the doctrine of res ipsa loquitur was not applicable because the bottle was not in its possession or control when the explosion occurred. In overruling that contention, the Court of Appeals of Georgia said, "Since for every effect there is a cause, where negligence exists, some one must have been the responsible author. If he can be found, it is right that he should pay the penalty. The bottle exploded. Inferentially some one was negligent. It was not Cook, the last vender of the bottle, nor the plaintiff's brother, nor the plaintiff, not yet Barnett, because they all stand exonerated by director or circumstantial evidence of their freedom from fault. But the inference of negligence remains, and some one is prima facie to blame. By a process of elimination we get back to the manufacturer, who set the dangerous agency in motion, and upon whom the blame ought inferentially to be fastened. It is certainly no hardship to require at the manufacturer's hands an explanation of the occurrence, that the jury may say whether it, like the other persons who handled the bottle, has been exonerated."

Texas jurisprudence is committed to the application of the rule as extended. After an excellent and comprehensive review of the authorities, it is said in Benkendorfer v. Garrett (Civ. App.), 143 S. W. (2d) 1020 (er. dism.), that the greater weight of American authority and better reasoning support the view

that there are "fundamental factors which differentiate cases involving merchandise inflicting injury upon first or prior to being put to its intended use, especially food and drink intended for human consumption, marketed in sealed containers. * * * In such case, it is not necessary that the instrument causing the injury be within the physical control of the person sought to be held liable under the doctrine," provided the plaintiff shows that he was properly handling the bottle at the time of the explosion and that it underwent no change after it left the defendant's possession. The reason for that proviso is that, in absence of such proof, the evidence would show two or more possible causes of the explosion, one or more of which is chargeable to persons other than the defendant, in which situation the rule of res ipsa loquitur is not applicable. Davis v. Castile (Com. App.), 257 S. W. 870.

■■ But when the plaintiff shows the bottle has been handled with ordinary care by all persons touching it after it left the defendant's hands and that its condition has undergone no change, res ipsa loquitur is applicable. And it is not necessary that the plaintiff establish these facts beyond a reasonable doubt. If he shows them by a preponderance of the evidence, the rule may be applied unless the defendant shows that he was not negligent in manufacturing, charging and filling the bottle. Benkendorfer v. Garrett, supra. In other words, "It is not necessary, of course, that plaintiff eliminate every remote possibility of injury to the bottle after defendant lost control, and the requirement is satisfied if there is evidence permitting a reasonable inference that it was not accessible to extraneous harmful forces and that it was carefully handled by plaintiff or any third person who may have moved or touched it. * * If such evidence is presented, the question becomes one for the trier of fact * *, and, accordingly, the issue should be submitted to the jury under proper instructions." Escola v. Coca Cola Bottling Co., supra.

■■ So, in this case, the Coca Cola having passed out of respondent's possession into the hands of petitioner when the bottle exploded, it was petitioner's burden to show by a preponderance of the evidence that he was handling it with due care. That he proposed to do by the rejected testimony (1) that employees of respondent in making deliveries to Fronk's store often handled the cases in the same manner and (2) that respondent's employees had told him that that was the proper way to handle them.

On the matter of how respondent's employees handled the cases, Fronk testified, out of the jury's presence, that during the

seven years he operated the store he had many times observed "how the Coca Cola people brought that Coca Cola there and handled it" and that they rarely ever handled a case in any way other than to grasp the two bottles closest to the handles, squeeze them together to bind the bottles in the case, and thus bring the case into his store. Petitioner testified, out of the jury's presence, that the usual and customary way "the Coca Cola people" delivered the cases to Fronk's store was to grasp "the two ends of the bottles with each hand and forced the tops together and the butts against the case-inside"; that this was done all the time he worked for Fronk. We think it was error to exclude this testimony. There is no claim that the case petitioner was moving at the time of the explosion had undergone any change, but there is a dispute as to whether he was handling it with due care; in fact, respondent contends that petitioner's testimony shows as a matter of law that he was handling it negligently. It was to help the jury solve this question that the excluded testimony was admissible. It was relevant, not as an excuse for any negligent act petitioner may have committed, but to show, if it did, what would constitute negligence on his part in handling the case. Comanche Duke Oil Co. v. Texas Pacific Coal & Oil Co. (Com. App.), 298 S. W. 554; Cameron Compress Co. v. Whittington (Com. App.) 280 S. W. 527; 29 Texas Digest, Negligence, key 124 (3) ; 38 Am. Jur., Negligence, Sec. 317, p. 1015. As said in the recent case of Great Atlantic & Pacific Tea Co. v. Garner (Civ. App.) 170 S. W. (2d) 502, 505 (er. ref. want merit), "Evidence of Custom is, of course, admissible as tending to prove what an ordinarily prudent man would do; but such evidence is not essential to a finding on the issue, nor conclusive thereof when so introduced."

We do not hold that this testimony is conclusive that petitioner was handling the case with ordinary care when the bottles exploded. All we say is that the jury was entitled to have it to help them determine from a preponderance of all the evidence whether he was so handling it. Then, if and after careful handling is so established, it will be the province of the jury to determine from the circumstances attending the explosion, under the rule of res ipsa loquitur, whether respondent was guilty of negligence because of "defectiveness" or "overcharging of said bottle."

Respondent contends that res ipsa loquitur cannot be applied to show any negligence on its part because petitioner's specific allegations of negligence are based entirely on an overcharging of the bottle with carbonic gas, thereby limiting the

issue to that allegation and excluding any finding of negligence on the ground that the bottle was defective, which is equally as reasonable an inference as that the bottle. was overcharged. We are not in accord with that proposition. Petitioner was careful to give notice in his petition that he did not propose to be bound by his specific allegations of negligence but would rely on "general allegations" as to the explosion and the "defectiveness and the overcharging of said bottle." Wichita Falls Traction Co. v. Elliott, supra.

■ We think the trial court properly excluded the testimony that petitioner had been told by respondent's employees that the manner in which he was moving the case was the proper way to handle it. This testimony was that the drivers for "the Coca Cola people" had told him that such was the proper way to handle the cases; that they were the drivers who made the delivery on the day he was hurt; that the truck had the words "Coca Cola Bottling Company" printed on it; and that he "followed their instructions and handled them (the cases) like they told me to." We do not think this was proof of any such agency as would authorize these drivers to issue any "instructions" on behalf of respondent. Therefore, the testimony was hearsay.

The judgments below are reversed and the cause is remanded to the district court for a new trial.

Opinion adopted by the Supreme Court November 29, 1944.

Rehearing overruled December 30, 1944.