## BRAND BOTTLING WORKS, Inc., v. NELSON.

### No. 11843.

Court of Civil Appeals of Texas. Galveston.

Dec. 18, 1946.

Fulbright, Crooker, Freeman & Bates, Russell Talbott and Thad Grundy, all of Houston, for appellant.

W. L. Kemper, of Houston (Eugene J. Wilson, of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal is from an order of the district court of Brazoria County upon a hearing without a jury, which overruled the plea of privilege of appellant, Brand Bottling Works, Inc., to be sued in the county of its residence, Harris County. Appellee, W. M. Nelson, filed suit in the district court of Brazoria County against appellant, Brand Bottling Works, Inc., a dissolved corporation, and resident of Harris County, and Joe Townsend, a resident of Brazoria County. Nelson claimed injuries by reason of the explosion of a soft drink bottle.

He specially pleaded that a bottle of beverage manufactured, produced, and sold by appellant was delivered to the resident defendant, Joe Townsend, and placed in a refrigerator box belonging to him on his premises in Brazoria County. That while he, appellee, was placing a bottle of milk in that box, the bottle of beverage made by appellant unexpectedly exploded, caus-

ing injuries to him. That the explosion was proximately caused by the negligence of appellant, in overcharging such bottle with gas, or other substance. That the defendants (without distinguishing between them) were guilty of negligence:

"(a) In that the bottle of 'Brand's Family Circle Beverage' was overcharged with carbonic gas to an extent dangerous under existing circumstances:

"(b) In that the bottle of 'Brand's Family Circle Beverage' was improperly charged by use of a highly explosive gas, the exact nature of which is unknown to plaintiff;

"(c) In that the bottle of 'Brand's Family Circle Beverage' was kept at an improper temperature of either excessive cold or excessive heat under existing circumstances;

"(d) In that the bottle of 'Brand's Family Circle Beverage' was placed or stacked in said refrigerator in a position to have the explosive gas with which it was charged improperly agitated by the vibration of the refrigerator equipment;

"(e) In that the explosion was approximately caused by the negligence of the defendants, Brand Bros., and Brand Bottling Works, Inc., in overcharging said bottle of 'Brand's Family Circle Beverage' with carbonic gas, or with other substance of highly explosive nature, and of the defendant, Joe Townsend, in negligently keeping said bottle of 'Brand's Family Circle Beverage' in a container for foods and beverages at an improper temperature. Plaintiff here and now gives notice to the defendants, and to each of them, that he is relying on the general allegations of explosion and defectiveness and the overcharging of said bottle of 'Brand's Family Circle Beverage' with carbonic gas or other substance which is and was highly explosive, all of which the defendants and each of them will take due notice."

Appellant duly filed its plea of privilege, in statutory form, to be sued in Harris County. Appellee admitted appellant's residence was Harris County.

Appellee controverted the plea of privilege by adopting his petition (set out in substance above), and, without any further allegations of fact, claimed venue in Brazoria County, under subdivision 4 of Article 1995, Vernon's Revised Texas Civil Statutes, as follows: "4. Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides.".

Upon the hearing of the plea and controverting affidavit, appellee presented only the testimony of the resident defendant, Joe Townsend, and his own.

Townsend testified that he ran a grocery store in Brazoria County, on July 26, 1944, the date of the alleged injury. That he sold beverages of various kinds, and that he and his wife purchased mixed drinks from appellant in 1944. That he had Brand's drinks along about June, July, and August, 1944. That in July, 1944, he had a refrigerator in which cold drinks were placed. That it was a standard type box, with temperature controlled by thermostat, that he bought it in 1939 or 1940, that there is hardly any vibration and you can hardly hear it running, and that it was in good working order. That he was not present when appellee claimed he was injured.

Appellee, in his own behalf, testified that he was employed by Spear's dairy and delivered their products to Joe Townsend's store. That he was placing his bottle in a refrigerator box, moving them around making room, and all at once it exploded. That the bottle that exploded was a red drink of some kind, and that Mrs. Townsend saved the bottle, and he thought the other driver for Spear's picked it up. That he didn't look at the broken bottle the day of the accident. That the broken piece that later came into his possession was just the bottom part of the bottle and it bore no inscription.

The foregoing statement sets out all of the testimony as to the manner in which the accident occurred. Assuming that it is true and that it was fully believed by the trial court, it proves only that in some unexplained way a bottle of something exploded in Townsend's refrigerator, while appellee was placing, or preparing to place, other bottles therein.

Under quoted Exception 4, appellee had the burden of pleading and proving a cause of action against the resident defendant, Townsend, in which cause of action the nonresident appellant was properly joined. Appellant makes no contention that it was not properly joined in this instance.

■ Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (Com. App. opinion adopted), established firmly and finally that to sustain venue under Exception 4, the plaintiff must (1) plead causes of action against both the resident and nonresident defendants, that may properly be joined; (2) prove that one defendant resides in the county of suit; and (3) plead and prove that he has a cause of action against the resident defendant.

Appellee did not meet the burden required by the third of these venue facts. He did not prove a cause of action against the resident defendant, Joe Townsend.

■ As to proof of negligence in keeping the bottle at an improper temperature of excessive heat or cold, or proof that it was so placed as to be agitated (the only negligence pleaded against Townsend), there is none. In fact, the evidence would tend to show that the bottle was kept at a proper temperature,'and that the box was working properly.

Appellee indicated in the argument in the trial court that he was relying on the doctrine of res ipsa loquitur as proof of a cause of action against Joe Townsend.

Appellant submits, (1) that the doctrine was not pleaded against Townsend; and (2) that the evidence did not call for application of the doctrine.

■ The record is devoid of any showing that an improper temperature would or could cause an explosion of a bottle filled with some unknown red liquid. If it be assumed that the bottle had carbonic gas, a fact not proven, still it would be incumbent on appellee to prove that exposure of such a bottle to an "improper" temperature would be likely to cause an explosion. Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445; Davis, Agent, v. Castile, Tex.Com.

App., 257 S.W. 870; Texas & P. Coal Co. v. Kowsikowski, 103 Tex. 173, 125 S.W. 3.

The foregoing opinion, with only slight editing, has been taken from the appellant's brief, and is adopted as that of this court in the cause, under the conclusion that it not only is sound, but that it also effectively preserves the line of continuity of decision in venue cases in Texas courts.

The trial court's judgment is reversed, and the cause is ordered transferred to the district court of Harris County for trial against appellant.

Reversed and rendered.