**COCA–COLA BOTTLING CO. OF FORT WORTH**

v.

**THOMAS.**

No. 15468.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 11, 1953.

Rehearing Denied Jan. 15, 1954.

Cantey, Hanger, Johnson, Scarborough & Gooch, J. A. Gooch and Charles L. Stephens, Fort Worth, for appellant.

Freeman & Ward, M. Hendricks Brown and Chas. J. Murray, Fort Worth, for appellee.

RENFRO, Justice.

Suit was brought by appellee, Luke Thomas, against appellant, Coca-Cola Bottling Company of Fort Worth, for personal injuries sustained as a result of the breakage or explosion of a bottle of coca cola.

Appellee relied solely upon the doctrine of res ipsa loquitur. The gist of his direct testimony is set out below. He operated a one man filling station. He sold certain accessories and bottled drinks. The station consisted of one room. Drivers for soft drink dealers stacked cases of bottled drinks in the office room. He had no one helping him run the business. Customers do not use that part of the room when they accompany him inside. A telephone was available for use just inside the door, ten feet from the stacked cases. The particular coca cola had been in his place about two days and no other bottled drinks had been delivered since the coca cola case was received. It was in the same place where the delivery man for appellant had left it. No one had been in the office since delivery of the coca colas, except, perhaps, to telephone. No one had been back where the coca colas were stacked. On the morning of September 22nd they were in the same condition as when delivered, at which time appellee put the case of coca colas on the corner of the cold drink box and started putting the bottles in the box. After putting in five or six the next one just "blowed up" cutting his hand rather severely. The water in the box was "kinda cool." He did not hit the bottle with, or against, any other object. The cap was still on it when it blew up. When it blew up it made a loud noise. From the time the bottle was delivered until the time of the explosion, neither appellee nor any one else had moved it at all.

By deposition taken in July, 1952, appellee testified that he had several grandchildren who played around the yard of the station, and sometimes they would step in the office. They were not allowed to go in the office for fear they would "mess" with the bottles. They never bothered the full bottles but would sometimes play with the empty bottles. The empties stayed where the full bottles were. He remembered the children stepped in, but would not be in there long.

On cross-examination he testified that customers would sometimes go in the filling station with him. No one would go inside without him except to telephone. He acknowledged that in his deposition he testified that sometimes different trucks, maybe two or three, would come on the same day and leave full cases and take out the empties. Each driver stacked his own drinks; appellee did no stacking. They put cases by the side of each other. He admitted that in his deposition he testified, to the question, "Did they (drivers) put one case on top of another one?", he answered, "Yes, sir, they just put them all right together;" also, that the first one there, "his would be on the bottom." That sometimes he had to go some place and would leave his grown granddaughter there. He acknowledged that in his deposition he said of the girls, "they are always over there." Also to the question, "Any of them ever play in your filling station there?", he answered, "Sometimes would get in there and I would have to chase them out." To the question, "Any of them ever get in your office?", he answered, "Yes, sir, always in there." What he meant by "always there," he explained, was that they were out front with other children, not in the office.

Appellee's grown granddaughter testified she had formerly helped around the station but had not been there for "quite some time" prior to the injury, she did not work there during the week of the injury, nor for four or five days before the injury. Children were not allowed in the office while she worked there.

The evidence introduced by appellant detailing its bottling process and inspection would have warranted the jury in exonerating it of negligence if the jury had so desired. There was evidence, however, from which the jury could infer that appellant's negligence was the cause of the breakage or explosion.

The court submitted the case to the jury on special issues.

Issue No. 4 was as follows: "Do you find and believe from a preponderance of the evidence that such bottle of Coca Cola that exploded in the hand of the plaintiff on September 22, 1951, if you have found that one did so explode, was not damaged by the plaintiff, his employees, or by some other intervening force, between the time the same was delivered to the plaintiff and the time the same exploded, if you have found same did explode?" The jury answered, "It was not so damaged."

Issue No. 5 reads: "Do you find from a preponderance of the evidence that the bottle of Coca Cola here involved exploded upon the occasion in question, if you have found that it did explode, by reason of negligence upon the part of the defendant Coca Cola Bottling Company or its employees?" The jury answered, "Yes," and, in answer to No. 6, such negligence was a proximate cause of the injuries.

The appellant maintains that:

(a) Appellee failed to make out a prima facie case under the doctrine of res ipsa loquitur and an instructed verdict should have been ordered.

(b) Appellee failed to introduce affirmative evidence that after the bottle left appellant's possession it (1) was in no way accessible to extraneous forces and (2) was carefully handled by plaintiff or any third person who may have moved it or touched it.

(c) There was no, or insufficient, evidence to support issue No. 4.

(d) The court erred in submitting No. 5 because Issue No. 4 did not lay a proper predicate for submission of general negligence issue.

(e) Inference that acts of others having access to the bottle after it left hands of appellant operated as a causative factor that was at least of equal force with any inference that appellant was the responsible party.

(f) The court erred in refusing to strike certain testimony of appellee from the record.

As heretofore stated, appellee testified that no one had access to the bottles except himself and that he did not touch them until he started putting them in the cooler. Appellant urges that the answers on cross-examination and in the deposition contradicted his positive testimony, and shows that the coca cola was accessible to other persons and open to the public, and moved that all testimony contradictory to the deposition be stricken. We have carefully examined the statement of facts, and while we find some inconsistencies, we are of the opinion the motion to strike was properly overruled. Appellee, so far as we can find, did not testify by deposition or on cross-examination that children or any one else were in the office during the time the particular coca cola was in his possession. His testimony that children were always in there, that he chased them away, if unexplained, might preclude recovery, but he testified positively that such occurrences did not happen during the time this particular bottle was in his possession. The record shows that appellee had a small business. He bought only one or two cases of coca colas per week. It is not improbable that he would know what was going on around his station and in his office.

■ The jury had the exclusive function of determining the credibility of appellee as a witness and the weight to be given his testimony. 17 Tex.Jur., p. 889, sec. 403.

■ When a person injured by an exploding bottle shows that it has been handled with ordinary care by all persons touching it after it left the defendant's hands, and that its condition has undergone no change, res ipsa loquitur is applicable. It is not necessary that the plaintiff eliminate every remote possibility of injury to the bottle after defendant lost control, and the requirement is satisfied if there is evidence permitting a reasonable inference that it was not accessible to extraneous harmful forces and that it was carefully handled by plaintiff or any third person who may have moved or touched it.

■ If such evidence is presented, the question becomes one for the trier of the facts and the issue should be submitted to the jury. Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445.

■ When all the evidence is in, the question is whether the preponderance is with the plaintiff. It is incumbent upon the plaintiff to establish that nothing had happened to the bottle while in his possession which would have contributed to or caused the explosion. "His burden was to establish this fact, like any other fact, by a preponderance of the evidence, and not beyond a peradventure." Benkendorfer v. Garrett, Tex.Civ.App., 143 S.W.2d 1020, 1024, dismissed, correct judgment; Escola v. Coca Cola Bottling Co. of Fresno, 24 Cal.2d 453, 150 P.2d 436.

Complaint is made by appellant that issue No. 4 was not a correct presentation of the plaintiff's case. The most recent bottle "explosion" case to which we have been cited or have found is Hankins v. Coca Cola Bottling Co., Tex.Sup., 249 S.W.2d 1008, 1009. In that case the Supreme Court held, "A person injured by a resultant explosion of a coca cola bottle is entitled to rely on the res ipsa loquitur doctrine even though the bottle has left the bottler's control, but, in such cases, it is necessary for the plaintiff to establish by a preponderance of the evidence that the instrumentality (in this case a bottle) was not damaged by some intervening force between the time of its last handling by the defendant and the final occurrence which causes the damage", citing Alagood v. Coca Cola Bottling Co., Tex.Civ.App., 135 S.W.2d 1056, error dismissed, judgment correct; Henning v. Thompson, Fla.1950, 45 So.2d 755; Monroe v. H. G. Hill Stores, Inc., La.App.1951, 51 So.2d 645; Hughs v. Miami Coca Cola Bottling Co., 155 Fla. 299, 19 So.2d 862; Dunn v. Hoffman Beverage Co., 1941, 126 N.J.L. 556, 20 A.2d 352; Annotation 4 A.L.R.2d 466, 478.

■ The issue of which complaint is made met the requirements laid down in the Hankins case.

The evidence introduced was sufficient to uphold the jury finding that the explosion of the bottle was the result of negligence of the defendant. The evidence was sufficient, if believed by the jury, to negative the possibility of plaintiff, other persons, or intervening agencies causing the injury, and so allow the jury to determine whether negligence on the part of the defendant might be inferred. The trial court did not err in submitting the case to the jury on the doctrine of res ipsa loquitur and therefore did not err in overruling defendant's motion for instructed verdict.

The judgment of the trial court is affirmed.