COLUMBIA SOUTHERN CHEMICAL CORPORATION, Appellant,

v.

C. L. JOHNSON et al., Appellees.

No. 13022.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 31, 1956.

Rehearing Denied Nov. 28, 1956.

Branscomb & Foy, Corpus Christi, for appellant.

Anderson & Porter, Corpus Christi, for appellees.

POPE, Justice.

Eight persons complained that defendant, Columbia Southern Chemical Corporation, negligently released chlorine and other gases into the air and that the gases stained and corroded the chrome plate of their vehicles. Plaintiffs recovered judgment in a suit tried without a jury. They proved negligence by res ipsa loquitur. Columbia Corporation appealed from the adverse judgment and asserts that plaintiffs failed to prove that the damaging instrumentality, the gas, was under its control. Columbia Corporation also complains that the trial court applied the wrong measure of damages and awarded some items of damage which are not supported by proof.

■ Plaintiffs proved that the damage to their vehicles was caused by gas which came from Columbia Corporation's plant, and sufficiently connected the injury to defendant's plant, which was located to the north of the parking lot on which the plaintiffs parked their vehicles. On the night of February 8, 1954, witnesses saw smoke and steam drifting over the cars. They stated that they saw the smoke and steam come from defendant's chlorine burner. The burner was erected for the purpose of disposing of an excess of chlorine that the plant produced as a by-product to its other productions. The burner was completed in January, 1954, and was operating on the night of February 8, 1954. The plant disposed of as much as 180 tons of chlorine daily. The burner was operated by persons who had from one to two weeks training. During the first month of the operation, the personnel made some minor mistakes and the plant itself did not always operate properly. When operated properly, the burner would discharge harmless quantities of hydrochloride and chlorine into the air, but when operated improperly, would discharge excessive amounts of the chemicals.

The trial court found as a fact that the only other producer of chlorine gas in the general area was located at Lake Charles, Louisiana. A chemist reported that he experimentally exposed similar chrome samples to chlorine gas for a period of three minutes and concluded that the chlorine caused a result similar to that about which plaintiffs complain. The samples are in evidence. He testified that chlorine is more than twice as heavy as air and would fall instead of rise. Defendant reasons that there were other plants in the area which produced chemicals, and also that the chemist, in conducting his experiment, used an excessive chlorine concentration. Those matters go to the weight, but not to the

sufficiency of the evidence and, in our opinion, plaintiffs proved the necessary control over the things which caused the injury to invoke the doctrine of res ipsa loquitur against defendant. Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445.

Columbia Corporation's second point is that the evidence did not prove a correct measure of damages. Plaintiffs made proof of damages by showing the cost of repairing the chrome plating to the various automobiles. The reasonable cost of the repairs was agreed upon, but it is urged that the plaintiffs failed to show the condition of their vehicles before the damage and after the damage. "In cases where the damaged personal property is susceptible of repairs the owner of the injured property may recover the reasonable costs of such replacements and repairs as are necessary to restore the damaged article to its condition immediately prior to the accident." Pasadena State Bank v. Isaac, 149 Tex. 47, 228 S.W.2d 127, 128. This proof was made insofar as the chrome on each of the vehicles was damaged. We find no such proof, however, concerning damage to the paint to several of the vehicles. Chrome damages, but no paint damages were proved concerning four vehicles. For that reason the judgment is reformed in part and affirmed in part, so that C. L. Johnson shall recover $185; Joe H. Waller, $80.26; Arthur M. Martin, $63.53; and Leon D. Niswonger, $194.29. George B. Coleman proved both paint and chrome damages in the amount of $176.24, and C. E. Kirkland proved the same damages in the amount of $193.77. The judgment is affirmed as to them. Judgment is also affirmed in the amount of $254.35 for Delfino P. Trevino and in the amount of $72.44 for a A. T. Murtorff. Judgment for the respective amounts will include interest as ordered by the trial court.

Judgment is accordingly affirmed in part and reformed in part. One-half the costs are adjudged against appellant and one-half against appellees C. L. Johnson, Joe H. Waller, Arthur M. Martin and Leon D. Niswonger.

Appellant's motion for rehearing is overruled.