**Daniel OZARK, Individually and as Next Friend for Dwain Ozark, a Minor, Appellant,**

v.

**WICHITA MANOR, Incorporated, and City of Wichita Falls, Texas, Appellees.**

**No. 16788.**

United States Court of Appeals Fifth Circuit.

Aug. 27, 1958.

806

Jack G. Banner, Philip S. Kouri, Wichita Falls, Tex., for appellant.

Milburn E. Nutt, J. Walter Friberg, Harold Jones, Wichita Falls, Tex., for appellee.

Before JONES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

Specific acts complained of or evidence establishing the likely existence of them do not prevent the case being one for application of *res ipsa loquitur*. Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659, cited recently with approval Honea v. Coca Cola Bottling Company, 143 Tex. 272, 183 S.W.2d 968, 969, 160 A.L.R. 1445. In a case calling for *res ipsa loquitur*, a plaintiff "* * * ought not to be penalized by the loss of the presumption because he has been willing to go forward and do the best he can to prove specific acts of negligence. On the contrary he ought to be encouraged to give the court, the jury, and even the defendant the benefit of whatever facts, if any, his effort may develop toward revealing the specific causes of the mishap. And of course if a plaintiff should not be penalized for making the effort, he ought not to be later penalized for succeeding. * * *." Dallas Ry. & Terminal Co. v. Clayton, Tex.Civ.App., 274 S.W.2d 422, 424, error refused n. r. e. As Texas has many times approved the statement of the rule in San Juan Light & Transit Co. v. Requena, 224 U.S. 89, 32 S.Ct. 399,

56 L.Ed. 680, and Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815, see, e. g., Texas Power & Light Co. v. Bristow, Tex.Civ.App., 213 S.W. 702, 704, error refused; Gulf, C. & S. F. R. Co. v. Dunman, Tex.Com.App., 27 S.W. 2d 116, 118, 72 A.L.R. 90; Thompson v. Jason, Tex.Civ.App., 265 S.W.2d 920, 922, error refused, n. r. e., our cases of Texas and Pacific Ry. Co. v. Buckles, 5 Cir., 232 F.2d 257, 263, see note 14, and Kansas City Southern Ry. Co. v. Justis, 5 Cir., 232 F.2d 267, 270, see note 3, reflect a form in which the matter may be submitted. See also Coca-Cola Bottling Co. of Ft. Worth v. Thomas, Tex. Civ.App., 263 S.W.2d 644, error refused, n. r. e.

Petition denied.