**John A. GRATTON, Appellant,**

**v.**

**E. L. FITCH, d/b/a E. L. Fitch Trucking Company, Appellee.**

**No. 5489.**

Court of Civil Appeals of Texas.

El Paso.

Dec. 13, 1961.

A. R. Archer, Jr., Monahans, for appellant.

McDonald, Shafer & Gilliland, Odessa, Lucius D. Bunton, Odessa, of counsel, for appellee.

CLAYTON, Justice.

Appellant Gratton filed this suit in the 143rd District Court of Ward County,

Texas, against appellee, E. L. Fitch, doing business as Fitch Trucking Company, for damages arising from personal injuries sustained during the process of skidding a rig belonging to appellant's employer, the Aldridge and Stroud Drilling Company, on a drilling location in Ward County. Appellant was a tool pusher for the drilling company. It had become necessary to change a derrick or "mast" on the rig, and for this purpose the rig had been skidded away from the well hole. In order to skid the rig back in place appellant needed heavier equipment, and he had ordered a tandem winch truck with a tall gin pole from appellee company to come out to the location to furnish the power to skid the rig back in position. The truck had also brought a mast to replace the one removed from the rig. The truck driver and winch operator was one Brooks Franklin, and he was accompanied by a "swamper", both of whom were employees of appellee company. Franklin assisted in replacing the mast under the supervision of appellant, and he was then directed by appellant to assist in skidding the rig back over the hole. This was to be done by use of the truck and its winch and line. Franklin drove his truck to a point north of the rig, preparatory to skidding the rig; the winch line was pulled over to the rig and tied to an H-beam on the rig under the direction of the appellant. When this was done, the appellant turned to walk away from the rig. The winch was started up and the winch line, in tightening up, apparently whipped back and forth and struck the appellant, causing the injuries set out in the petition. Who, if anyone, directed the winch operator Franklin to start the winch is not shown by the testimony. Appellant testified that he did not, and Franklin did not appear as a witness.

At the close of appellant's case the appellee filed a motion for a directed verdict, or, in the alternative, that the case be withdrawn from the jury and judgment be entered for appellee. The motion set out the following grounds: First, that there was no probative evidence showing any act of negligence on the part of any agent, servant or employee of the appellee; and second, that Franklin, the truck driver and winch operator, was a "loaned servant" of appellant and his employer, Aldridge and Stroud. Without specifying upon which ground the judgment was founded, the trial court withdrew the case from the jury and entered judgment for appellee. Hence this appeal.

In appellant's first point, complaint is made that there was ample evidence that appellant's injuries were caused by the negligence of appellee's employee, Brooks Franklin, and that therefore the case should not have been withdrawn from the jury. In appellant's second point, a like complaint is made on the basis that appellant had plead the doctrine of res ipsa loquitur, and the facts of the case would justify a submission of such issue to the jury.

It is considered preferable to deal with the second point first, since if this is a res ipsa loquitur situation, the proof thereof would aid in the establishment of negligence on the part of appellee's employee.

"Res ipsa loquitur is a rule of evidence whereby negligence of the alleged wrongdoer may be inferred from the mere fact that the accident happened, provided (1) the character of the accident and the circumstances attending it lead reasonably to the belief that, in the absence of negligence, it would not have occurred, and (2) the thing which caused the injury is shown to have been under the management and control of the alleged wrongdoer." (Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W. 2d 968, 160 A.L.R. 1445.)

Starling Thomas Morris, in a comprehensive article in 26 Texas Law Review 257,

761, entitled "Res Ipsa Loquitur in Texas", relates further:

"Frequently a third element is stated. (3) There must be an absence of responsible contributing conduct on the part of the injured person."

The same author has this to say relative to this third element:

"* * * if both the injured person and the defendant have some control over the instrumentality an inference that plaintiff was negligent is as acceptable as an inference that defendant was negligent. In either case preponderant probability does not point to the defendant as the negligent person, and a verdict of negligence on his part would be purely speculative."

Ignoring for the moment the first element set out above and directing our attention to the second and third elements, we find in the appellant's testimony certain illuminating statements bearing on the matters of control and management over the instrumentality in this case, i.e., the winch on which the line was wound, and the winch line which struck the appellant. The evidence establishes satisfactorily that appellant did not instruct appellee's truck driver how or when to operate the winch or the tandem truck on which it was mounted. But with regard to the tying of the winch line on to the rig, the appellant testified on direct examination:

"Q. But I believe you did testify that you just said where to tie it onto the rig.

"A. That's right.

"Q. Now, then, immediately, when you saw the winch line was properly attached, that is, or attached the way you wanted it attached.

"A. Yes, sir.

"Q. You said that you just turned around and started to walk away and had taken maybe a step or a half a step or a step and a half when something hit you?

"A. That's right."

On cross-examination, appellant testified:

"Q. And you were the one who was supervising the job, weren't you?

"A. That's right.

* * * * * *

"Q. And you wanted to be as absolutely certainly that that line was tied exactly the way you wanted it tied.

"A. That's right.

* * * * * *

"Q. And that was the reason that you were attending to all of the tying of the line on to that rig, that is, seeing that it was tied exactly where you wanted it?

"A. That's right."

The line was actually tied on by one of appellant's coworkers, either alone or assisted by the swamper, appellee's employee. The testimony does not reveal what caused the winch line to whip or lash out in such a manner as to strike the appellant, and no witness could remember any similar occurrence in the oil fields.

■ We do not consider this a res ipsa loquitur situation. It seems certain from the evidence that it was the winch line that struck and injured the appellant. Of course, it seems equally apparent that the winch line would not have whipped back and forth without the winch, to which the line was attached, having been set in motion. By the same reasoning, the winch having been set in motion would not have injured appellant except for the fact that the line was tied on to the rig, and this was done under the direct supervision of the appellant, and in just the manner that he wanted. Under these circumstances,

and putting the matter in a light most favorable to appellant, both he and appellee's employee had some management and control over the offending instrumentality, and res ipsa loquitur cannot be invoked to raise an inference of negligence on the part of the appellee. Appellant's second point is accordingly overruled.

Without assistance in proving negligence from the doctrine of res ipsa loquitur, we find no evidence of negligence on the part of appellee's servant of sufficient probative value to justify submission of such issue to the jury. It is not shown that appellee's employee set the winch in motion. But if it were shown that he did, either on his own volition or in response to a signal from someone, appellant testified that he was ready for this to be done. If appellant, after supervising the tying on of the line, was ready for the winch to begin operating, the act of setting the winch in motion could not have been considered by appellant to have been a negligent act. Nor is there any other act attributable to appellee's employee to be found in the record which, under the evidence, may be denounced as negligent. We find that appellant's first point must likewise be overruled.

Appellant's third and fourth points complain of the action of the trial court in withdrawing the case from the jury and rendering judgment in favor of the appellee on the basis of the truck driver and winch operator being a "loaned servant" of appellant and his employer, contending that this issue should have been submitted to the jury.

There being no negligence on the part of the truck driver and winch operator, the question of whether or not he was a loaned servant becomes immaterial, and there was therefore no issue to be submitted to the jury on this matter.

Finding no error on the part of the trial court, the judgment therein rendered is affirmed.