Ronald L. SLOTER et ux., Appellants,

v.

SMITH MOTOR SALES, INC., Appellee.

No. 14590.

Court of Civil Appeals of Texas.

San Antonio.

July 19, 1967.

Daniel R. Rutherford, San Antonio, for appellants.

Arch B. Haston, Tom H. King, San Antonio, for appellee.

BARROW, Chief Justice.

This is a suit to recover for damages to appellants' automobile sustained as a result of appellee's alleged negligence in repairing said automobile. The trial court instructed the jury to return a verdict for appellee at the close of appellants' testimony and entered a take-nothing judgment.

On September 13, 1965, appellants delivered their 1962 Chevy II Nova station wagon to appellee to replace the upper ball joints. Appellee took the car to Mr. Sloter's office late that afternoon and he drove it home—a distance of about 8½ miles. The next morning Mrs. Sloter started to work in this car. After driving it several blocks and making at least two brake applications without incident, the brakes failed and she went over an embankment, causing damage stipulated to be in the amount of $510.29.

Appellants urge twelve assignments of error which are briefed under two propositions. They assert under the first proposition that the evidence raises a fact issue as to negligence on the part of appellee in three respects: (1) appellee negligently replaced the upper ball joints and damaged the brake line in so doing, or failed to tighten the brake hose upon replacing it; (2) appellee negligently installed the upper ball joints in a manner to cause the brake system to leak; and (3) the appellee failed to inspect the repairs after they were made. Under their second proposition appellants urge that a cause of action was established under the res ipsa loquitur doctrine.

Three witnesses testified. Mrs. Sloter testified that she made two stops without any indication of brake trouble, but when she next tried to apply the brakes to slow the automobile before she reached a stop sign, they failed and although she pumped the brake pedal she had no brakes whatsoever.

Mr. Sloter testified that on Saturday, September 11, 1965, he noticed something wrong with the front end of the car when he was driving it home from work. He stopped at a Texaco service station operated by Mr. Edward Beard to check the difficulty. Mr. Beard advised that the upper ball joints were just hanging by a thread and should be replaced. The following Monday morning Mr. Sloter took the car to Smith Motor Sales and requested them to replace the upper ball joints. He drove the car home that afternoon and had no difficulty with the brakes, although he made numerous brake applications.

Mr. Beard testified that on examination of the car on Saturday, he found the bad ball joints. Furthermore, he checked the front and rear brake lines for leaks. The brakes were all right and there was no evidence that the line was leaking. He happened to be following Mrs. Sloter at the time of the accident. After checking her physical condition, he looked at the car and saw that the right front wheel was covered with brake fluid and one spot on the tire looked like it had absorbed some of the fluid. The brake fluid looked fresh, although he did not believe the impact caused the leak.

There is no contention that the upper ball joints were not properly replaced or caused the accident. Appellee was not requested to make any repair of the brake system and there is no evidence that it performed any work on any part of the brake system. Mr. Beard testified that, although it is not necessary to disconnect the brake fluid hose going into the wheel in order to replace the upper ball joints, he did so in order to have more freedom to work. He testified further that there is a chance that the mechanic may pinch the brake hose or otherwise damage it in replacing the line. There is no evidence in this case that the brake hose was pinched or damaged in any

way. In fact, there is no evidence as to what caused the brake failure.

Appellants urge that the evidence in this case is similar to that in Sam White Oldsmobile Co. v. Jones Apothecary, Inc., 337 S.W.2d 834 (Tex.Civ.App.—Houston 1960, writ ref'd n. r. e.), wherein a judgment entered on jury findings of negligence in making repairs was affirmed. The Court said: "As stated by appellant, in order to prevail appellee (plaintiff) had to show that some defect existed, making a repair necessary, and that appellant (defendant) failed to make the repair, and that such failure was a proximate cause of the damage." The Court, after review of the evidence, found that the ignition and cigarette lighter were defective when the car was returned to defendant for repairs and both failed to function shortly after these repairs were supposedly made. This was strong circumstantial evidence that repairs necessary to put the ignition switch and lighter in good operating condition were in all probability not made. It was held that such failure in all reasonable probability caused the fire which destroyed plaintiff's car.

◼ Our case differs significantly, in that appellee was not requested to make any repair to the brake system, and there is no evidence whatsoever to show that appellee ever touched the brake hose or any part of the brake system. The fact that Mr. Beard preferred to remove the brake hose when he replaced the upper ball joints does not create an inference, other than by conjecture or speculation, that appellee's mechanic followed this procedure and improperly replaced the brake hose. We conclude that there is no evidence in the record which would raise a fact issue that the brake failure was caused by negligence in replacing the ball joints on the day preceding the accident.

◼ Nor can it be said that appellants made out a case under the res ipsa loquitur doctrine. Sam White Oldsmobile Co. v. Jones Apothecary, Inc., supra. In Estrada v. Central Power & Light Co., 336 S.W.2d 768, writ refused, this Court said: "In order to invoke the doctrine of res ipsa loquitur there are four elements which must be pleaded and proved: (1) The thing or instrumentality which causes the injury must be under the management of the defendant or his servants; (2) the accident must be such as in ordinary course of events does not happen, if those who have its management and control use proper care; (3) there must be an absence or unavailability of direct evidence of negligence; (4) there must exist a sufficient duty on the part of defendant to use due care." See also, Bond v. Otis Elevator Co., 388 S.W.2d 681 (Tex.Sup.1965).

The automobile was not under the control of appellee at the time of the accident. It was under the control of appellants and had been for at least fifteen hours, during which time the brakes had worked satisfactorily. The control rule set forth in cases where bottles exploded while in the custody of plaintiff is inapplicable to our situation, in that the facts are clearly distinguishable. See Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445 (1944).

The trial court did not err in instructing the jury to return a verdict for appellee. The judgment is affirmed.