**Howard HILLEN et al., Appellants,**

v.

**HOOKER CONSTRUCTION COMPANY,
Appellee.**

**No. 5143.**

Court of Civil Appeals of Texas,
Waco.

July 20, 1972.

Wallace & Smith, Charles E. Wallace, Waco, for appellants.

Naman, Howell, Smith & Chase, Roy L. Barrett, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Hillen and Brazos Concrete Products Inc., from take nothing judgment, in a suit for resulting damages, when a truck owned by Hillen (leased to Brazos), was hit by a crane operated by defendant Hooker.

Plaintiffs sued defendant alleging a truck owned by Hillen but leased to Brazos, was damaged when a crane operated by defendant fell on top of the truck. Plaintiffs alleged specific acts of negligence by defendant, and alternatively pled the crane was under the sole control of defendant, could not have fallen on the truck but for negligence of defendant, and invoked the doctrine of res ipsa loquitur. Plaintiff Hillen sought $6000. damage to his truck, and plaintiff Brazos sought $2497.05, for loss of use of the truck. Defendant answered by general denial, and plead the occurrence was the result of an unavoidable accident.

Trial was to a jury which found:

1) The falling of the crane did not occur by reason of defendant's negligence.

2) Such negligence if any was not the proximate cause of plaintiffs' damages.

3) Defendant left the crane unattended on the occasion in question.

4) Such was not negligence.

6) Defendant's leaving the crane in a position over plaintiffs' truck was not negligence.

8), 9) Plaintiff Brazos was deprived of the use of the truck for four weeks.

10) Plaintiff Brazos was damaged $1664.

11), 12) Plaintiff Hillen's truck was damaged $516.

Plaintiffs moved for judgment for $516. and $1664; and defendant moved for judgment on the verdict. The trial court entered judgment on the verdict that plaintiffs take nothing.

■ Plaintiffs appeal on 23 points contending:

1) The trial court erred in not granting plaintiffs' motion for judgment.

2) There is no evidence to support the jury's answers to Issues 1, 2, 3, 4, and 6; and such findings are against the overwhelming weight and preponderance of the evidence.

Plaintiffs' truck was driven to the construction site of Texas Life Building in Waco with a load of precast concrete window panels. As it drove up it was directed to a place to park by employees of defendant who were constructing the building. Defendant's crane operator unloaded the panels, after which he got off the crane to sign the delivery receipt for the load. The crane was extended over the cab of the plaintiffs' truck, and if it had been extended in some other direction it would not have come down on the truck. The operator had been out of the crane for about five minutes when the boom "leaked slowly down" and laid down on top of the truck, causing damage.

Plaintiffs submitted their case on res ipsa loquitur, Issues 1 and 2 and on specific acts of negligence (Issues 3, 4 and 6). The trial court instructed the jury "if you do not find from a preponderance of the evidence that the occurrence was an event proximately caused by the negligence of one or more parties to it, the same is an unavoidable accident". The jury answered all issues for the defendant.

Plaintiffs' contentions mainly assert that judgment should have been rendered for them on the basis of res ipsa loquitur; that the jury's answers to Issues 1 and 2 have no support in the evidence, or are against the great weight and preponderance of the evidence. Plaintiffs contend that since defendant did not offer rebuttal testimony or attempt in any way to explain the happening of the accident, plaintiffs are entitled to a judgment, or a reversal and remand.

■ Res ipsa loquitur is a rule of evidence whereby negligence of the alleged wrongdoer may be inferred from the mere fact that the accident happened provided: 1) the character of the accident and the circumstances attending it lead reasonably to the belief that in the absence of negligence it would not have occurred, and 2) the thing which caused the injury is shown to have been under the management and control of the alleged wrongdoer. Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968; Bond v. Otis Elevator Co., Tex., 388 S.W.2d 681.

■ Thus under the Res Ipsa Loquitur rule, the occurrence warrants the inference of negligence, but does not compel such an inference; and the facts make for a case to be decided by the jury.

We think the evidence ample to sustain the jury's answers to Issues 1, 2, 3, 4, and 6, that such answers are not against the great weight and preponderance of the evidence, and that the trial court did not err in not granting plaintiffs' motion for judgment.

All of plaintiffs' points have been considered and are overruled.

Affirmed